_____

No. 96-2259
_____

Darrell F. Alessi,                    *
                                      *
          Appellant,                  *
                                      *  Appeal from the United States
     v.                               *  District Court for the
                                      *  District of Minnesota.
Northwest Airlines, Inc., a           *
foreign corporation,                  *     [UNPUBLISHED]
                                      *
          Appellee.                   *

_____

          Submitted:  December 10, 1996

              Filed:  December 13, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     In  separate  actions,  Darrell  F.  Alessi  sued  Northwest
Airlines, Inc. ("Northwest"), Delta Air Lines ("Delta"), and United
Airlines ("United"), alleging his applications for a pilot position
were denied in violation of the Employee Protection Program of the
Airline Deregulation Act of 1978, 49 U.S.C.A. §  42103(a).   The
critical issue common to all of Alessi's actions was whether he was
a "protected employee" entitled to be the first employed by a
covered air carrier.  In the parallel case against Delta, the court
held that Alessi was not a "protected employee."  Ackerman v. Delta
Airlines, Inc., 920 F. Supp. 1269, 1276-78 (N.D. Ga. 1995).  After
concluding Alessi's claim was barred by this decision, the district
court[1]  granted  Northwest's  motion  for  summary  judgment  on
collateral estoppel grounds.  Alessi appeals, and we now affirm.

_____

     [1]The Honorable David S. Doty, United States District Judge
for the District of Minnesota.

We review de novo the grant of summary judgment, applying the same standard as the district court. <u>Demming v. Housing and Redevelopment Auth.</u>, 66 F.3d 950, 953 (8th Cir. 1995). Because the <u>Delta</u> decision determining Alessi was not a "protected employee" bars relitigation of this issue, we agree with the district court that Northwest is entitled to judgment as a matter of law. <u>See</u> <u>Tyus v. Schoemehl</u>, 93 F.3d 449, 453 (8th Cir. 1996) (discussing collateral estoppel requirements); <u>Aetna Casualty & Sur. Co. v. General Dynamics Corp.</u>, 968 F.2d 707, 711 (8th Cir. 1992) (same); <u>Perkins v. Spivey</u>, 911 F.2d 22, 35 (8th Cir. 1990) (recognizing defensive use of collateral estoppel), <u>cert. denied</u>, 499 U.S. 920 (1991). We note that while this case was pending, another court also relied on the <u>Delta</u> decision to collaterally estop Alessi from relitigating this claim. <u>See</u> <u>Ackerman v. United Airlines, Inc.</u>, No. 96-2455 (TFH) (D. D.C. Sept. 13, 1996).

We also reject Alessi's other arguments on appeal as without merit, and deny his objection to Northwest's submission of a supplemental appellate brief. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-